UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MELISSA BERGER, individually and on behalf of her
infant children, A.G. and M.B.,

                                      Plaintiffs,

                -against-                      19 CV 6229 (JMF)

ANNA WANG, TERESA CASTELLI, SHELLY            **STIPULATED**
KIRSHENBAUM, ANTHONY AKINDURO,                **PROTECTIVE ORDER**
individually and as director, STATEN ISLAND
UNIVERSITY HOSPITAL, DANA KAPLAN, and
CITY OF NEW YORK,

                                      Defendants.

      **WHEREAS**, Plaintiff Melissa Berger, individually and on behalf of her infant children A.G. and M.B. ("Plaintiff"), filed this action on or about July 3, 2019 against Defendants Anna Wang, Theresa Castelli, Shelley Kirshenbaum, Anthony Akinduro , and the City of New York ("City Defendants") and Staten Island University Hospital and Dana Kaplan, M.D. ("Hospital Defendants") (collectively, "Defendants," and with Plaintiffs, the "Parties"; each party individually shall be designated in this Protective Order as a "Party");

      **WHEREAS**, the Parties are engaged in discovery in this action that requires the production of documents and information that the Parties deem to be confidential;

      **WHEREAS**, this Protective Order is intended to allow the Parties to designate material as confidential, and to limit the use and re-disclosure of those documents or that information;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, as follows:

1. As used herein, "Confidential Material" shall mean the following documents, whether or not embodied in any physical or electronic medium, and any and all information contained within those documents: (i) any and all investigative or case files maintained by New York City Administration for Children's Services ("ACS") in which Plaintiffs are not the subject of a report of child abuse or neglect; (ii) all documents containing personally identifying information, contact information (including, without limitation, personal email addresses), employment history or family history of any present or former employee of the City of New York; (iii) personnel files (including, without limitation, disciplinary records) of any present or former employee of the Defendants; (iv) all documents pertaining to ACS employee training; (v) all documents deemed confidential by operation of state or federal law; (vi) any other documents or information that the Parties' counsel agree, in writing, be treated as confidential; or (vii) any other category of information given confidential status by this Court after the date of this Order.

2. A Party may designate documents that it produces or discloses in this action, or information contained within those documents, as "Confidential Materials" by marking with the legend "CONFIDENTIAL" each page containing such information that it sends to the receiving Parties.

3. No document or information shall be deemed "Confidential Material" to the extent that it is (i) lawfully obtained by the receiving Parties from a source other than a disclosing Party; or (ii) otherwise publicly available.

4. The inadvertent production of Confidential Material without appropriate designation of confidentiality shall not be deemed a waiver of any claim of its status as Confidential Material. Upon receiving reasonable notice from the producing Party that the produced Confidential Material has not been appropriately designated, all such information shall be re-designated promptly as Confidential Material and treated accordingly.

5. Parties and their counsel shall not use any Confidential Material for any purpose other than for the preparation or presentation of the Parties' case in this action, and shall not produce or disclose Confidential Material to any third-party, except pursuant to the terms of paragraph 6 below.

6. Unless otherwise ordered by the Court or agreed to by Parties' counsel in writing, Confidential Material may be disclosed only to:

   a. The named parties;

   b. The Parties' counsel, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in the preparation or presentation of the Parties' case in this action;

   c. The Parties' experts and consultants, as necessary for the preparation or presentation of the Parties' case in this action in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

   d. Any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this

action only, who authored or otherwise had access to and familiarity with the document or information at the time of its original creation and use, or had familiarity with or possessed knowledge of facts and circumstances of the action to which the document or information relates in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

    e.    any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

    f.    court reporters, as necessary for the conduct of this litigation; and

    g.    the Court, pursuant to the provisions of Paragraph 10 of this Protective Order.

7.    As used herein, disclosure of Confidential Material includes the written or oral transmission of the document or information designated as Confidential Material.

8.    A Party's counsel may disclose Confidential Material, and/or the information contained therein, to a person identified in sub-paragraphs 6(a), 6(c), 6(d), and/or 6(e) of this Protective Order only after: (a) advising such person that, pursuant to this Protective Order, he or she may not divulge Confidential Material to any other individual or entity; and (b) such person executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. A Party's counsel shall retain each signed Non-Disclosure Agreement and provide a copy of each signed Non-Disclosure Agreement to

counsel for the disclosing Party upon request and before any person to whom such Confidential Material is disclosed is permitted to testify (at deposition or trial).

9. Deposition testimony concerning any Confidential Material that reveals the contents of such material shall be deemed confidential, and the portions of the transcript that includes such testimony, together with any exhibits consisting of Confidential Material, shall be prominently marked "CONFIDENTIAL." These portions of the transcript shall be deemed to be Confidential Material within the meaning of this Protective Order. In addition, those portions of the transcript concerning any Confidential Material shall be deemed designated as such: (a) if Defendants' counsel so states before the close of the record at a deposition, or (b) upon written notice to Parties' counsel, designating the page and line, within fifteen days of receipt of the transcript. Parties' counsel shall not disclose the deposition transcript before expiration of said fifteen day period to any person who has not previously signed the form attached as Exhibit A.

10. If any Party seeks to file papers with the Court that incorporate Confidential Material or reveal the contents thereof, he or she shall make an application to the Court consistent with the Court's rules for permission to file under seal the specific portions of those papers disclosing the Confidential Material and shall indicate whether the disclosing Party objects to that request.

11. If a Party believes that the disclosing Party has designated information "Confidential" that is not entitled to such protection, then within 60 days of the receipt of the Confidential material, such party may write a letter to the disclosing Party's counsel asking that the Confidential Material designation be removed or modified and explaining

the reason(s) why the Party does not believe that the information is entitled to the designated protection. The disclosing Party shall respond to the objection in writing within fourteen (14) days, and shall state with particularity the grounds for asserting that the Confidential Material is properly designated. If no written response to the objection is made within fourteen (14) days, the challenged designation shall be deemed void. If a timely written response to the objection is made, the Parties shall first try to resolve the dispute in good faith by meeting and conferring. If the dispute cannot be resolved, the Party challenging the designation may request, within 30 days, appropriate relief from the Court consistent with the Court's discovery rules. Any disputed documents shall be treated as Confidential Material until the parties resolve the dispute or the Court issues its ruling regarding the disputed confidentiality designations.

12. Except as provided herein, nothing in this Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Material, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Material from disclosure.

13. Nothing in this Protective Order will prevent the Parties from producing any Confidential Material in their possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that the Parties give written notice to the disclosing Party' counsel as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the disclosing

Defendants will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the disclosing Defendants deem it appropriate to do so.

14. This Protective Order shall be without prejudice to the right of the disclosing Party to oppose production of any document or information on any and all grounds other than confidentiality.

15. Within 30 days after the termination of this case, including any appeals, any Confidential Material, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to counsel for disclosing Defendants or, upon the written consent of disclosing Defendants' counsel, shall be destroyed, except that counsel for the Parties may retain one copy of any deposition transcript and one final copy of all papers filed with the Court that contain or refer to Confidential Material, which would otherwise be subject to the terms of this paragraph. Such papers and deposition transcripts which may be retained in accordance with this paragraph shall be conspicuously marked "Contains Confidential Material Subject to Protective Order." All persons who have received or who have possessed Confidential Material pursuant to paragraph 6(a)-(e) shall verify the return or destruction of those Confidential Materials (with the exception set forth in the previous sentence in this paragraph) by affidavit furnished to counsel for disclosing Defendants.

16. Nothing in this Stipulated Protective Order shall be construed to limit the disclosing Parties' use of Confidential Material in any manner.

17. The Parties reserve the right to individually seek modification of this Protective Order by application to the Court for good cause shown.

[this portion intentionally left blank]

18. Electronic or faxed copies of signatures of this Protective Order shall have the same force and effect as original signatures.

| | |
|---|---|
| **OFFICE OF THE CORPORATION COUNSEL** | **Lansner & Kubitschek** |
| By: _____s/_____<br>Elizabeth Edmonds | By: _s/ (with permission)_____<br>Carolyn A. Kubitschek<br>Attorneys for Plaintiff<br>325 Broadway, Suite 203<br>New York, New York 10007<br>(212) 349-0900 |
| JAMES E. JOHNSON<br>Corporation Counsel of the<br> City of New York<br>Attorney for City Defendants<br>100 Church Street, Room 2-164<br>New York, New York 10007<br>(212) 356-0881 | |
| | Dated: New York, New York<br>November 14, 2019 |
| Dated: New York, New York<br>November 14, 2019 | |
| | **SHAUB AHMUTY CITRIN & SPRATT, LLP** |
| | By: _____/s/_____<br>Sofya Uvaydov<br>*Attorneys for Staten Island University Hospital and Dana Kaplan, M.D. s/h/a Dana Kaplan*<br>1983 Marcus Avenue,<br>Lake Success, NY 11042<br>(516) 488-3300<br>suvaydov@sacslaw.com |
| | Dated: New York, New York<br>November 14, 2015 |

**SO ORDERED:**

Dated: November 15, 2019    _____/s/ Jesse M. Furman_____
      New York, New York      Hon. Jesse M. Furman

EXHIBIT A

I, _____, the undersigned, hereby swear under penalty of perjury that I have read the Stipulation and Protective Order (the "Order") entered in the United States District Court for the Southern District of New York dated November ____, 2019, in the action titled Berger v. Wang, 19-cv-06229 (JMF) and understand the terms thereof. I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution of that case, and will not further disclose the Confidential Material except in testimony taken in that case. I aver that the Confidential Material and any copies, notes, or other records that I make regarding the Confidential Material shall not be used or disclosed by me or my agents to others. I agree to be subject to the above-identified Court's rulings regarding the imposition of appropriate sanctions, and I agree that I may be held in contempt of court if I violate the terms of the Order.

Dated: _____

Signature :_____

_____
Name (Printed)
_____
Occupation