UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
:
MELISSA BERGER, *individually and on behalf of her* :
*infant children A.G. and M.B.*, :
:
                              Plaintiff, :
:          19-CV-6229 (JMF)
      -v- :
:          <u>ORDER</u>
ANNA WANG et al., :
:
                             Defendants. :
:
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Pending before the Court is Plaintiff's proposed Infant Compromise Order. ECF No. 63. Pursuant to Local Civil Rule 83.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, "[a]n action by or on behalf of an infant . . . shall not be settled or compromised . . . without leave of the Court embodied in an order, judgment or decree." S.D.N.Y. Local Civil Rule 83.2(a)(1). Under the Rule, the Court must conduct "due inquiry as to all charges against the fund" and authorize the payment of "reasonable attorney's fees" and "proper disbursements," and "shall order the balance of the proceeds of the . . . settlement to be distributed as it deems may best protect the interests of the infant." S.D.N.Y. Local Civil Rule 83.2(a)(2)-(3). Accordingly, the Court may not approve the settlement until it is satisfied that any fees and costs to be paid from the settlement fund are fair, reasonable, and in the best interests of the infants. *Campbell v. City of New York*, No. 15-CV-2088 (PAE), 2015 WL 7019831, at *4 (S.D.N.Y. Nov. 10, 2015).

      Plaintiff's submission of documents in support of the proposed Infant Compromise Order is inadequate to allow the Court to conduct its review. In particular, the submission does not include sufficient documentation supporting the claimed $14,149.54 in "costs and disbursements" and $78,471.47 in attorney's fees to be paid from the settlement fund. ECF No. 63, at 2-3. The ledger at ECF No. 65-2, at 2, for example, fails to identify what specific work was performed and by whom, and fails to itemize any of the claimed costs and disbursements. Plaintiff's submission also includes no receipts, invoices, or other proof of the claimed expenses.

      Accordingly, Plaintiff shall submit supplemental records and documentation sufficient to allow the Court to conduct its review of the proposed settlement by **June 15, 2020**.

      SO ORDERED.

Dated: June 11, 2020
      New York, New York
                                                _____
                                                   JESSE M. FURMAN
                                                 United States District Judge