UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MELISSA BERGER, *individually and on behalf of her* :
*infant children A.G. and M.B.*, :
: 19-CV-6229 (JMF)
Plaintiff, :
: ORDER APPROVING
-v- : SETTLEMENT
:
ANNA WANG et al., :
:
Defendants. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 3, 2019, Plaintiff brought this action under 42 U.S.C. § 1983 and state law on behalf of herself and her two infant children, A.G. and M.B. ECF No. 1. On May 15, 2020, Plaintiff advised the Court that the parties agreed to settle all claims. ECF No. 53. The parties' settlement requires judicial approval because it resolves claims on behalf of the infant children. *See* S.D.N.Y. Local Civil Rule 83.2(a). Accordingly, on June 8, 2020, Plaintiff filed a proposed Infant Compromise Order, ECF No. 63, and supporting documents for the Court's review.

Having reviewed Plaintiff's submissions, ECF Nos. 63-65, 67, the Court finds that the settlement is fair, reasonable, and in the best interests of the infants, given both the nature and scope of the claims at issue as well as the risks and expenses involved in additional litigation. *See Campbell v. City of New York*, No. 15-CV-2088 (PAE), 2015 WL 7019831, at *2 (S.D.N.Y. Nov. 10, 2015). Among other things, "[t]here is a strong presumption that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after an arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently." *Id.* at *3 (internal quotation marks omitted). That presumption applies here. *See* ECF No. 65, ¶¶ 9-15 (affidavit asserting counsel's lack of personal interest in the case and other information required by N.Y. C.P.L.R. Rule 1208(b)); ECF Nos. 65-3, 65-4 (counsel's *curricula vitae*); ECF No. 30 (order directing the exchange of limited discovery). In addition, Plaintiff, as guardian of A.G. and M.B., concluded that the settlement was in their best interests, and her view is entitled to "significant deference." *Campbell*, 2015 WL 7019831, at *3; *see* ECF No. 64, ¶¶ 3-4. Plaintiff has also arranged to place the portions of the settlement awarded to A.G. and M.B. in interest-bearing savings accounts, to be released to the children on their eighteenth birthdays. ECF No. 64, ¶¶ 5-6. Considering all of the relevant factors, the Court concludes that approval of the settlement is warranted.

The settlement approval is subject to the following conditions. First, any modification of the settlement agreement must be approved by the Court, regardless of any provision in the

agreement that purports to allow the parties alone to modify it. Second, to the extent the settlement agreement allows Plaintiff's counsel to deduct fees and costs from any payment installation, it is hereby modified to allow counsel to deduct no more than a pro rata share of each installment.

In addition, Plaintiff seeks approval of $92,621.01 in attorney's fees and costs. *See* ECF No. 63, at 2-3. "The starting point in analyzing whether claimed attorney's fees are appropriate is . . . the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Campbell*, 2015 WL 7019831, at *4 (internal quotation marks omitted). Here, although counsel cites hourly rates of $700 for counsel and $150 for paralegals, the amount of attorney's fees sought is not based on those rates. *See* ECF No. 65, ¶¶ 10-11; ECF No. 67, ¶ 2 (calculating over $200,000 in fees and costs using the cited rates). Accordingly, the Court makes no determination as to whether counsel's cited hourly billing rate is reasonable. Rather, the Court concludes that the amount of fees sought is reasonable in light of the lodestar produced by reasonable rates approved in similar cases, *see, e.g.*, *Wise v. Kelly*, 620 F. Supp. 2d 435, 446-47 (S.D.N.Y. 2008), and the fact that the fees constitutes roughly 31% of the settlement, which courts in this Circuit typically approve, *see Campbell*, 2015 WL 7019831, at *5; *see also Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases). Counsel's costs are also reasonable in light of the documentation submitted by Plaintiff. *See* ECF No. 67.

Accordingly, the Court approves the settlement subject to any modification discussed above. The Court dismisses the case with prejudice. All pending motions are moot.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: June 17, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge